# In the United States Court of Federal Claims

No. 18-1321
Filed Under Seal: June 21, 2019
Reissued: July 8, 2019[*]
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| NJS JOINT VENTURE, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Stay of Proceedings. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*Adam K. Lasky*, Counsel of Record, *David Y. Yang*, Of Counsel, *Eric P. Forner*, Of Counsel, *Emily A. Yoshiwara*, Of Counsel, *Brad Bigos*, Of Counsel, Oles Morrison Rinker & Baker, LLP, Seattle, WA, for plaintiff.

*Lauren S. Moore*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph A. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Ron Herrmann*, Of Counsel, United States Army Legal Services Agency, Washington, DC; *Justin R. Dalton*, Of Counsel, United States Army Medical Command, Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.  INTRODUCTION

Plaintiff, NJS Joint Venture, LLC ("NJS"), has moved to lift the stay of proceedings entered in this post-award bid protest matter on October 9, 2018, because the circumstances upon

---

[*] This Memorandum Opinion and Order was originally filed under seal on June 21, 2019 (docket entry no. 44). The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. The parties filed a joint status report on July 2, 2019 (docket entry no. 46) proposing certain redactions which the Court has adopted. And so, the Court is reissuing its Memorandum Opinion and Order, dated June 21, 2019, with the agreed-upon redactions indicated by three consecutive asterisks within brackets ([* * *]).

which NJS agreed to the stay of proceedings have materially changed. *See generally* Pl. Mot. The government opposes NJS's motion because lifting the stay [* * *]. *See generally* Def. Mot. For the reasons discussed below, the Court **DENIES** NJS's motion to lift the stay of proceedings.

## II.     BACKGROUND

In this post-award bid protest matter, NJS challenges the United States Department of the Army's ("Army") decision to eliminate its proposal from the competitive range for a contract to obtain healthcare housekeeping and related services at the Tripler Army Medical Center ("TAMC Contract") and to award the TAMC Contract to KDHK, Inc. d/b/a Allegiance Environmental Services, Inc. ("KDHK"). *See generally* Am. Compl. At the parties' request, the Court stayed further proceedings in this matter [* * *]. *See* Stay Order dated Oct. 9, 2018; *see also* Stay Order dated Oct. 30, 2018; Stay Order dated Jan. 4, 2019; Stay Order dated April 5, 2019; Stay Order dated April 16, 2019.

On May 22, 2019, NJS filed a motion to lift the stay of proceedings, because the Army is proceeding with another procurement involving the Brooke Army Medical Center ("BAMC Contract") [* * *]. *See generally* Pl. Mot.; *see also* Am. Compl. NJS argues that continuing the stay will prejudice it in two ways, namely that: [* * *]. Pl. Mot. at 21-22. And so, NJS requests that the Court lift the stay of proceedings and permit it to conduct discovery in relation to [* * *]. *Id.* at 23.

In its response and opposition to NJS's motion, the government argues that [* * *]. Def. Mot. at 3-7. And so, the government requests that the Court deny NJS's motion.[1]

### B.     Relevant Procedural History

On May 22, 2019, NJS filed a motion to lift the stay of proceedings. *See generally* Pl. Mot. On June 4, 2019, the government filed a response and opposition to NJS's motion. *See generally* Def. Mot. [* * *]. *See generally* Def. Aff. On June 6, 2019, NJS filed a reply in support of its motion. *See generally* Pl. Reply.

---

[1] On May 30, 2019, the parties participated in a telephone status conference to discuss NJS's motion. *See generally* Status Conference Order dated May 28, 2019.

2

### III.     LEGAL STANDARDS

It is well-established that "[t]he power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citation omitted).  The Supreme Court has held that the power to stay proceedings:

> [I]s incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted).  But, the Court's discretion in staying its proceedings is not without bounds.  "A stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion." *Cherokee Nation of Oklahoma*, 124 F.3d at 1416 (citations omitted).  And so, the Court must balance the interests favoring a stay against interests frustrated by such an action.

In this regard, this Court has not articulated a bright-line test for determining whether a stay of proceedings is appropriate [* * *].  And so, the Court generally considers three factors for making such a determination, namely, whether:  [* * *]

### IV.     DISCUSSION

All three factors that the Court considers in determining [* * *] weigh in favor of continuing the stay of proceedings in this matter.  And so, the Court **DENIES** NJS's motion to lift the stay of proceedings.

First, there is no genuine dispute between the parties that the issues in this matter are directly related and substantially similar to the issues raised [* * *].  Am. Compl. at ¶¶ 105-107; Def. Mot. at 3-5; *see also Ampetrol, Inc.*, 30 Fed. Cl. at 321 (quoting *St. Paul Fire*, 24 Cl. Ct. at 515).  In this case, NJS alleges, among other things, that [* * *].  Am. Compl. at ¶¶ 105-107.  [* * *].  *Id.* at ¶ 106.  [* * *].  Joint Mot. to Stay dated Oct. 5, 2018; Am. Compl. at ¶¶ 105-107; Def. Mot. at 1-2.  [* * *].  Pl. Mot. at 5-7; Joint Mot. to Stay dated Oct. 5, 2018; *see also* Def. Mot. at 1-2.[2]  [* * *].

---

[2] [* * *]

Second, the government persuasively argues that it will suffer hardship or inequity if [* * *]. Def. Mot. at 5-7. [* * *]

NJS acknowledged during the status conference held in this matter on May 30, 2019, that it seeks to conduct discovery [* * *]. Tr. at 21:14-22:4. [* * *]

[* * *]

## V.   CONCLUSION

In light of the forgoing, the Court:

1. **DENIES** NJS's motion to lift the stay of proceedings; and

2. **ORDERS** the parties to **FILE** a joint status report regarding the status of the government's PIA investigation and informing the Court of their respective views regarding whether the stay of proceedings should continue on or before **July 15, 2019**.

**IT IS SO ORDERED.**

                                            s/ Lydia Kay Griggsby
                                            LYDIA KAY GRIGGSBY
                                            Judge